# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NovaStar Mortgage, Inc. | Case No. 1:07-cv-1128 |
| Plaintiff, | Judge Christopher A. Boyko |
| vs. | **JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |
| Tirrell Edwards, et al. | |
| Defendants. | |

UNITED STATES DISTRICT JUDGE CHRISTOPHER A. BOYKO

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the City of Cleveland Heights, County of Cuyahoga, and State of Ohio, and described as follows, to wit: And known as being a part of Sublot No. 39 in the Henry A. Taylor and Seth H. Taylor's Oak Hill Subdivision as recorded in Volume 100, page 10 of Cuyahoga County Records of Maps, and being part of Original Euclid Township Lots Nos. 12 and 13 in the County of Cuyahoga, State of Ohio and is further described as follows:

Beginning at a point in the Northwesterly line of Sublot No. 39, which point lies South 50 deg. 09' 00" West along said Northwesterly line of Sublot No. 39, one foot from the most Northerly corner of Sublot No. 39 and the Southwesterly line of Taylor Road, 60 feet in width; thence South 35 deg. 49' 18" East 42.61 feet; thence South 27 deg. 42' 57" East 40.20 feet to a point of curve; thence Southeasterly on a curved line deflecting to the right 14.53 feet on the Northwesterly sideline of Northvale Boulevard; said curved line having a radius of 20 feet and the chord of whose arc bears South 6 deg. 54' 36" East 14.21 feet; thence South 50 deg. 11' 20" West along the Northwesterly line of Northvale Boulevard 59.82 feet; thence North 39 deg. 51' 00" West 93.78 feet to the Northwesterly line of Sublot No. 39; thence North 50 deg. 09' 00" East along the Northwesterly line of Sublot No. 39, 79 feet to the place of beginning.

Said premises are further known as part of Sublot No. 39-B in A. Kresse & Sons Building Co.'s Re-Subdivision of Sublot No. 39 in the Henry A. Taylor and Seth M. Taylor's Oak Hill Subdivision, as recorded in Volume 100 of Maps, page 10 of

E42

Cuyahoga County Records as shown by the recorded plat in Volume 158 of Maps, page 42 of Cuyahoga County Records, be the same, more or less, but subject to all legal highways.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Tirrell Edwards has been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Tirrell Edwards executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Tirrell Edwards executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $133,047.82 plus interest on the principal amount at the rate of 9.45% per annum from December 1, 2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and

insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Tirrell Edwards.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Rev. Code § 2329.33. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and

Distribution, a certified copy of the Order shall be issued to the Cuyahoga County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

DATE: July 17, 2007

s/Christopher A. Boyko
Judge Christopher A. Boyko
UNITED STATES DISTRICT JUDGE

Approved:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: klw-f@mdk-llc.com
Attorney for Plaintiff